GILL et al. v. FERRIS, Appellant.

1. **Contract in Restraint of Trade, Violation of:** INJUNCTION. A contract not to engage in a particular kind of business, at a specified place for a limited time, is not invalid as being in restraint of trade, and injunction lies to restrain its violation.

2. **Partner, when not.** One who receives a third of the profits of a firm as compensation for his services, and who is not liable for any of its losses, is not a partner.

3. **Partnership:** CHANGE OF NAME. The rights and liabilities of a partnership, as a rule, are not affected by a change in its name, unaccompanied by a change in its members.

4. **Injunction:** MISJOINDER OF PLAINTIFFS. A misjoinder of plaintiffs in an injunction suit, is not a ground for dissolving the injunction.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Gilliam & Ferriss* and *W. H. H. Russell* for appellant.

The court should have sustained the motion to dissolve the injunction. *Mortland v. Holton,* 44 Mo. 58. Where several join in a bill, if either is not entitled to relief, the bill must be dismissed as to all. *Jones v. Quinnipiack B'k,* 29 Conn. 25; *Hudson v. Madison,* 12 Sun. 416; High on Injunc., § 1613. Allowance of demurrer to the whole

bill puts an end to injunction obtained. No suit was maintainable on the second count of the petition. The court erred in permitting any testimony on the bill. The court erred in finding for plaintiffs and in decreeing the injunction. Courts of equity will not. enforce specific performance by injunction when the relations of the parties are so changed that it will be an unreasonable hardship on the defendant. *Duke of Bedford v. Trustees*, 2 My. & K. 552; *Davis v. Hove*, 2 Sch. & Lef. 341; *City v. Nash*, 3 Atk. 512; Pomeroy on Specific Perform., 258, 262, 263, 265. Plaintiffs allege they are prosecuting business as Gill & Garrett. They must allege they are prosecuting it as T. M. Gill & Co. *Berger v. Armstrong*, 41 Iowa 447. Good will expires with the firm, and the firm expires by dissolution or taking in a new partner. *Mudd v. Bart*, 34 Mo. 465; *Spaunhorst v. Link*, 46 Mo. 197; Collyer on Part., 163. The contract of 1874 was with the distinct legal entity, T. M. Gill & Co., and was a personal contract with that legal entity and not assignable. *Stevens v. Benning*, 6 DeG. M. & G. 223; *Boykin v. Campbell*, 9 Mo. App. 495; *Robson v. Drummond*, 2 Barn. & Adol. 303; *Leahy v. Dugdale*, 27 Mo. 439; *Davis v. Coburn*, 8 Mass. 299; *Hall v. Gardner*, 1 Mass. 172; *Hurd v. Curtis*, 19 Pick. 459; *Emerson v. Bayliss*, 19 Pick 55; *Lansden v. McCarthy*, 45 Mo. 106. "Where a party enters into an agreement which can only take effect by the continuance of a certain existing state of circumstances, there is an implied engagement on his part that he will not of his own mere motion do anything to put an end to that state of circumstances under which alone the agreement can be operative. 1 Addison Cont., § 236; 1 Chitty Cont., p. 89; *Stirling v. Maitland*, 5 Best & Smith 840; *St. Louis & Denver L. & M. Co. v. Tierney*, 5 Colo. 582. The plaintiffs are estopped by their own declarations of dissolution. *Talcott v. Brackett*, 5 Brad. 60; *International B'k v. Bowen*, 80 Ill. 541; *Quirk v. Thomas*, 6 Mich. 76; *Dezell v. Odell*, 3 Hill 222; *Pilkington v. Ins. Co.*, 55 Mo. 172; *Chouteau v. Goddin*, 39 Mo. 229; *Garnhart v. Finney*, 40 Mo. 449; *Taylor v.*

*Zepp*, 14 Mo. 282; *Newman v. Hook*, 37 Mo. 207. The laches of plaintiffs in standing by for so long a time, while defendant was incurring such large expense in advertising and investing such a large amount of money in his enterprise, is sufficient for a court of equity to refuse an injunction, even if they had a genuine cause of action. *State v. West*, 68 Mo. 232; *Butler v. Lawson*, 72 Mo. 227; *Landrum v. Union B'k*, 63 Mo. 48; *Moreman v. Talbot*, 55 Mo. 392; *Bradshaw v. Yates*, 67 Mo. 221; *Bliss v. Pritchard*, 67 Mo. 181. The injunction should not have been granted, because in the most favorable aspect for plaintiffs it was a case of doubtful equity; they showed no appreciable damage, and the injunction would necessarily work a great hardship to defendant without any corresponding benefit to plaintiffs. Story's Eq. Jur., § 959 b; High on Injunc., § 720; *Grey v. Railroad Co.*, 1 Grant 412; *Richards' Appeal*, 7 P. F. Smith 105; *Harkinson's Appeal*, 78 Pa. St. 204.

*Macfarlane & Trimble* and *Forrist & Fry* for respondents.

The amendment of the original bill leaving Garrett out was a proper one. R. S. § 3569; also *Ib*. 3565, *et seq*; Hillard on Injunctions, 365; *Beard v. Dennis*, 6 Ind. 200. The contract was not within the statute of frauds, *Self v. Cordell*, 45 Mo. 345; *Lyon v. King*, 11 Met. 411; *Blonding v. Sargent*, 33 N. H. 239; *Blanchard v. Weeks*, 34 Vt. 589; *Hill v. Jameson*, 16 Ind. 125. The contract was reasonable and valid; it only bound the defendant to keep out of the business in Mexico, while plaintiffs were engaged in the same business there. 2 Parsons on Conts. 253, 260; *Billings v. Ames*, 32 Mo. 265; *Presberry v. Fisher*, 18 Mo. 50; *Long v. Lamb*, 42 Mo. 545; *Peltz v. Eichle*, 62 Mo. 171. The defendant was not released from his contract when the firm of T. M. Gill & Co., was changed to Gill & Garrett. Generally the rights and liabilities of a firm cannot be affected by a change of its name, unaccompanied by a

change amongst its members. 1 Lindley on Part., p. 211. Garrett was not a partner in the business of Gill & Garrett. He received as compensation for his services, one-third of the net profits, and was to bear none of the losses; this did not constitute him a partner. *Cope v. Eyre,* 1 H. Black. 49; *Wiggins v. Graham,* 51 Mo. 17; *Campbell v. Dent,* 54 Mo. 325. That the introduction of a new member into a firm would work a dissolution of the partnership is not disputed, but that such dissolution would, necessarily, operate as a release of a third party from a contract made with the old firm does not follow. Ordinarily such a contract as this is assignable and passes with a transfer of the business and especially would that be the case if one of the original parties to the contract continued in the business. *Peltz v. Eichle,* 62 Mo. 171; *Bryant v. Davis,* 6 Ind. 200; *Morgan v. Perhamus,* 36 O. St. 517; *Guerand v. Daudelet,* 32 Md. 561. If defendant sold to plaintiffs as a part of his assets the good will of the business, then all controversy ends. Good will may be sold like other personal property. *Chenton v. Douglass,* Johns, Ch. 174; *Crutwell v. L'ze,* 17 Ves. 335; *Mussulman's Appeal,* 62 Penn. St. 81; 14 Am. Law Reg., 328 and authorities cited. When a partnership is dissolved by death or bankruptcy of a partner, the good will should be sold as an asset of the firm and the proceeds distributed among the partners. *Crawshay v. Collins,* 15 Ves. 218; *Willett v. Blankford,* 1 Hare, 253; *Brodberry v. Dickens,* 27 Beav. 53; 14 Am. Law Reg. 334 *et seq.* When a partner sells out all his share in a going business it will be presumed that such sale includes the good will. 14 Am. Law Reg. 649 and authorities cited. Contracts like the one in suit should receive a liberal construction, so as to carry out the evident intention of the parties as in case of other contracts. *Wiggins Ferry v. Railroad Co.* 73 Mo. 389.

NORTON, J.—On the 24th of June, 1881, the plaintiffs, Thomas M. Gill and Richard W. Gill, filed in the circuit

court of Audrain county their second amended petition sworn to by T. M. Gill, containing two counts, the first of which is as follows: That prior to March 4th, 1874, they were residents of St. Louis, Mo., and defendant, George D. Ferris, was a resident of Mexico, Mo., engaged in the sale of hardware, cutlery, hollow-ware, stoves, manufacturing tinware, selling wagons and agricultural implement business; that defendant did a large business, and had a large and commanding influence throughout a large area of country surrounding said city of Mexico; and they allege his stock was not worth more than $12,000, but that defendant wanted to sell it with the good will for $15,000; that plaintiffs formed a co-partnership, consisting of Thomas M. and Richard W. Gill, under the firm name of T. M. Gill & Co., and bought out defendant for the sum of $15,000, which they allege included his good will, and a memorandum of said agreement was made, as follows:

"MEXICO, March 4th, 1874.

Having this day sold to T. M. Gill & Co. (which firm is composed of Thomas M. Gill and Richard W. Gill), my entire stock of goods and merchandise contained in my four-story brick building and warehouses adjacent, which buildings were lately occupied by me, in consideration of the sum of $15,000, payment of which is hereby acknowledged: Be it known, as a part of this contract, I have this day leased to said T. M. Gill & Co., for a term of three years, commencing from the 4th day of March, 1874, the said buildings, consisting of the four-story brick lately occupied by me, together with all warehouses adjacent, for the sum of $600 per annum; and it is also agreed, that at the expiration of said three years, from March 4th, 1874, that the said T. M. Gill & Co. are to have a further lease of two years, commencing from March 4th, 1877, of said premises, at an annual rent to be fixed as to the amount thereof upon the basis of a fair estimate of the rent annual which said premises will bring, and which may be decided,

if necessary, by referee, to be appointed by said T. M. Gill & Co. and myself. It is a part of this contract also that I agree not to engage in the same line of business I have been conducting heretofore in Mexico, Mo., either directly or indirectly, so long as T. M. Gill & Co. shall prosecute it there.

G. D. FERRIS."

And plaintiffs allege that by some mistake of the scrivener who wrote the same, the good will of said trade and business was omitted, and also the tools and implements, which said tools and implements were actually delivered at time of sale. That plaintiffs made large additions to their stock, and ran said business until the —— day of ——, 1879, when they took in with them one Garrett, a former salesman, and changed the firm name to Gill & Garrett, and which was done for plaintiffs convenience and that they might more successfully prosecute their business, and they are still doing business in that name, and that they, in 1879, bought and built, 300 feet from Ferris' building, another building at an expense of $12,000, and moved into it and have been there ever since, which defendant well knew at the time.

That in the early spring of 1880 defendant and his son, as G. D. Ferris & Co., opened out in the store of Ferris (formerly occupied by T. M. Gill & Co., but vacated by them, they having removed into the new building), a large stock of hardware, agricultural implements, etc., being the same line as plaintiffs, in violation of contract aforesaid; that he extensively advertised his business in the newspapers and by handbills, etc.; allege that he has damaged plaintiffs $5,000, and will destroy their business, and that they have no adequate remedy at law, and that, unless restrained, they will suffer great and remediless injury, and pray for injunction restraining him from, in any manner, prosecuting said business or any branch thereof, either in his own name or as G. D. Ferris & Co., or any other firm or

name, or using his skill, knowledge, experience, or influence, or money, in any manner, at Mexico, or influencing or attempting to ·influence any person to trade with him, or from trading with plaintiffs, or from giving to said plaintiffs his or their custom or patronage, or from permitting his name to be used in any manner of sign or advertisement in said business, in Mexico, until further order of the court, and for an account to be taken of damages sustained by plaintiffs; that injunction be made perpetual, and for such other and further relief as they may be entitled to.

Second count.   That about October 15th, 1879, plaintiffs had for a long time been engaged in hardware, agricultural implements, etc., business at Mexico, Mo., either under firm name of T. M. Gill & Co., or as Gill and Garrett; that Ferris, since 1874, had been in hardware business at Centralia, Mo., and had, upon his desiring to return to Mexico, about $100 worth of hardware, hollow ware, agricultural implements, etc., which he besought plaintiffs to buy at the sum of $290, and proposed to them if they would buy at that price he would not engage in said hardware business in any of its branches while they were engaged in same at Mexico, and that these plaintiffs did buy the same at said price, in consideration of said promise, and these plaintiffs have ever since been engaged in said business in Mexico.

That defendant in fraud of plaintiffs' rights and in violation of said agreement, in the spring of 1880 engaged in hardware, agricultural implement, etc., business in Mexico with his son as G. D. Ferris & Co., and extensively advertised said business in newspapers, handbills, dodgers, etc., and has damaged plaintiffs $5,000.   Injunction against defendant doing business as hardware merchant at Mexico, Missouri, temporary and perpetual, account, etc., prayed as in first count.

Defendant filed his answer to said second amended petition, setting up the following defenses to said first count. Defendant denies that the stock of goods sold was ill-as-

sorted, etc., and worth only $12,000, but avers they were reasonably worth $15,000, denies that he offered to sell the good will of his trade, etc., but asserts that plaintiffs importuned him to sell his stock, and avers that he finally sold for $15,000 to them, which was less than the goods were actually worth and subsequently invoiced, and denies that he agreed to sell the good will, and denies that said good will, etc., were left out of the contract by mistake; denies that he agreed and promised with said plaintiffs that he would not directly or indirectly engage in said business at said Mexico, while T. M. and R. W. Gill should prosecute it there, but admits he signed said memorandum, and avers that the same has no binding effect, being illegal and void as being in restraint of trade and against public policy.

Defendant admits plaintiffs took possession of said goods and commenced to prosecute said business at Mexico, under the firm name and style of T. M. Gill & Co., but denies they continued the same, and avers that said plaintiffs dissolved their co-partnership about January 1st, 1879, and published in the papers at Mexico, Missouri, notice of dissolution as follows:

"DISSOLUTION."

"Notice is hereby given to all concerned, that on and after January, 1879, the partnership existing between T. M. Gill and R. W. Gill, under the firm name of T. M. Gill & Co., is dissolved, R. W. Gill retiring. Debts due the firm may be paid to either party, and the firm name remains T. M. Gill & Co.

T. M. GILL,
R. W. GILL."

And avers that on and after the publishing of said notice said plaintiffs ceased to be partners and ceased to do business under the said firm name of T. M. Gill & Co.

Defendant admits that on the 1st of January, 1879, said T. M. and R. W. Gill formed a copartnership with one

James Garrett, and have ever since been doing business with him under the firm name of Gill & Garrett, and avers that by so doing they vitiated the contract with him, denies that said contract was an asset of T. M. Gill & Co., avers that it was a personal contract with T. M. & R. W. Gill, denies that Garrett became part owner of said contract; admits that plaintiffs built a large store and moved out of his in March, 1880, and he moved into his store in March, 1880, and purchased and opened out in the same a large stock of hardware, hollowware, tinware, stoves, agricultural implements, etc., and prosecuted said business from that time until February, 23rd, 1881, the date of issuance of the injunction, and defendant largely advertised his business, and diligently attended to it, denies that he used any unfair means to injure plaintiffs, denies that he has damaged them, and avers that if their business has decreased it is their own fault, and avers that by the dissolution of the firm of T. M. Gill & Co., said firm and said T. M. Gill and R. W. Gill forfeited all their rights under said contract, both as a firm and as individuals, and that said dissolution and the formation of the firm of Gill & Garrett and carrying on business in that name is a forfeiture of said contract, and the said matters are pleaded as an estoppel.

Answer to second count, admits that plaintiffs on October, 15th, 1879, were carrying on the hardware business under the firm name of Gill & Garrett, denies *seriatim* the statements of petition in regard to $100 worth of hardware and sale of same at $290 and alleged agreement therewith, and pleads the statute of frauds in regard to all matters set forth in said second count, and for a further answer to plaintiffs' entire petition pleads an estoppel against the plaintiffs on account of their laches, and for that they knew of plaintiff's intention to fit up and stock said store with hardware, agricultural implements, etc., that plaintiffs saw with their own eyes the progress of said fitting up and stocking without any action and protest on their part, thereby assenting to the same; that they assented to de--

fendant's carrying on said business on said premises without interruption on their part until February 23rd, 1881, when they filed their original petition in this case, and plea of estoppel is interposed as a special defense. And defendant prays for a dismissal of complainant's bill and an inquiry of damages on the injunction and for such other and further remedies, etc.

A replication was filed to the answer denying its counts.

And on the 16th day of November, 1881, said cause was tried by the court, which found and decreed as follows: That said contract, set out in the first count, was made by the parties as alleged; that there was no dissolution of the partnership between T. M. and R. W. Gill, and that defendant knew it at the time he resumed business in Mexico; that they have since the execution of said contract been continuously in the same business; that plaintiffs are not entitled to have a reformation of said contract, and that they are entitled to the relief prayed for in first count and finds for defendant on seeond count; and the temporary injunction granted is made perpetual, as long as plaintiffs continued in said business in Mexico, and gives them costs on first count, and gives defendant costs on second count.

The cause is before us on defendant's appeal from the judgment on the first and plaintiffs' appeal from that on the second count. That defendant bound himself by the contract set forth in the first count of the petition, not to engage in the same line of business he had been conducting in Mexico, Missouri, either directly or indirectly so long as T. M. Gill & Co., should prosecute it at that place, does not admit of dispute, unless, as defendant contends, it is that the contract is void because of its being in restraint of trade. It will be observed that the restraint imposed upon defendant is not that he would not at any time or at any place engage in the line of business he had been conducting, but only that he would not engage in it for a

limited time, viz: so long as Gill & Co., conducted the business, nor at a particular place, viz: in Mexico Missouri.

Under the ruling of this court in the cases of *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389; *Peltz et al. v. Eichele*, 62 Mo. 171; *Presbury v. Fischer*, 18 Mo. 50, such a contract is not void as being in restraint of trade, and the point made by counsel is not well taken.

It is claimed by counsel for defendant, that the obligation of defendant was to T. M. Gill & Co., a firm composed of T. M. Gill and R. W. Gill; and it is further claimed, that said firm was dissolved by reason of the notice of dissolution set up in defendant's answer and read in evidence, and also, by reason of the fact that one Garrett had been taken into the firm and its name changed from T. M. Gill & Co., to Gill & Garrett, and that in consequence of such dissolution the obligation of defendant to T. M. Gill & Co. was at an end and ceased to exist. If the firm of T. M. Gill & Co. had ceased to exist by dissolution, or by the taking in of a new partner and forming a new partnership, authorities are to be found among those cited sustaining the position taken by counsel as to the legal effect of such acts in releasing defendant from the restraint imposed upon him by the contract. But, the court found, as a fact, that the partnership of Gill & Co., had not been dissolved, and we think the evidence in the case warranted the finding.

It will be observed that the notice of dissolution was not that the firm of Gill & Co., at the time of its publication, was dissolved, but only looked to its dissolution on and after January, 1879.

It only gave notice to the public the then intention of the partners that the firm should be dissolved after a certain designated time. The evidence of the Gills was to the effect that this intention was never carried out, but that the partnership remained as before, except that on January 1st, 1879, the name of the firm was changed to Gill & Garrett, Garrett who had been their clerk on a salary, continuing

with them under an agreement that he was to get one-third of the profits as compensation for his services and was not to bear any of the losses.

If Garrett was operating for the firm with the understanding and agreement that he was to receive as compensation for his services one-third of the profits, and was not to be bound for any of the losses (and that such was the agreement is shown by Garrett's evidence,) this under the rulings of this court, did not make him a partner, nor constitute in legal contemplation, a new partnership. *Campbell v. Dent*, 54 Mo. 325; *Wiggins v. Graham*, 51 Mo. 17. Neither did the change of the name of the firm from Gill & Co. to Gill & Garrett affect any change in their rights as partners. 1 Lindley on Partnership, p. 211, where it is said "speaking generally the rights and liabilities of a firm cannot be effected by a change in its name, unaccompanied by a change in its members."

The doctrine of estoppel is, also invoked by defendant's counsel, and in support of it, it is claimed that defendant had the right to act upon the notice of dissolution, and to resume business. If the defendant did in fact resume business on the representation that R. W. Gill had withdrawn from the firm, there would be some foundation for the claim made that plaintiffs should be estopped from denying the fact. But the court found as a fact that at the time defendant resumed business he knew that the firm of T. M. Gill & Co., had not been dissolved, and there was evidence tending to establish the fact so found. Defendant testified that in September, 1879, R. W. Gill told him he was not in the business, while, on the other hand, said Gill testified that he told defendant he was in the business. As the court making this finding had the two witnesses before it, as well as other evidence tending to sustain it, we are unwilling to disturb it. It appears that in the progress of the cause a demurrer was filed to the original petition in which Garrett was made a party, which assigned as one of its grounds, that Garrett was not a proper party to the suit. It does not appear that the

demurrer was finally disposed of, but it does appear from the supplemental record on file that upon an intimation by the court that it would be sustained, plaintiffs took leave to amend, and in the amended petition omitted the name of Garrett as a party. Defendant then filed a motion to dissolve the injunction, stating as the grounds for it, that the sustaining of the demurrer and filing the amended petition had the effect in law of dissolving the injunction. As we have seen, no order sustaining the demurrer was made, and the amendment as made would seem to be authorized by the statute relating to amending pleadings and proceedings. The cause of action in the original petition was based on the agreement made by defendant with T. M. Gill & Co. not to engage in a certain line of business in Mexico, the amended petition was based on the same agreement, the only difference being, that Garrett, who was an improper party in the original petition, was left out of the amended petition. "A misjoinder of plaintiffs is not ground to dissolve an injunction, but only of demurrer." Hilliard on Inj., p. 154, § 112. We perceive no error authorizing an interference with the judgment on the first count.

The judgment on the second count is appealed from by plaintiffs mainly on the ground that it is against the evidence. The evidence was conflicting, as to the fact whether the contract set up in the second count, as the groundwork of the action was or not made. The plaintiffs and Garrett testified that it was made as set out. Defendant testified to the contrary, and three other witnesses gave evidence tending to corroborate defendant's statement, and as this court, even in equity cases, will not interfere when questions of fact have been passed upon by the trial court and there is evidence on both sides, unless the decision is clearly erroneous, we will not disturb the judgment on the second count, inasmuch as the evidence seems to be evenly balanced.

What has been said results in an affirmance of the judgment, and it is hereby affirmed. All concur.