HEIDELBACK, FREIDLANDER & COMPANY, Appellants,
v. COLE & FOX, Respondents.

Kansas City Court of Appeals, May 1, 1893.

1. **Novation**: ASSUMPTION OF PARTICULAR DEBTS. The assumption of certain listed debts of a debtor is not an assumption of all the debts of such debtor, and a mistake of a collecting bank in placing a payment as a credit on a note not listed will not raise a liability to pay such note.

2. **Practice, Appellate**: SUBMISSION WITHOUT INSTRUCTIONS. Where a cause is submitted to a court without instructions, its finding on the evidence is conclusive on appeal.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*C. B. Adams*, for appellants.

(1) Defendants are bound, notwithstanding the alleged oversight of said defendants in construing plaintiffs' letter. Where one of two innocent partiest must suffer, he who commits the error must bear the loss. *Rice v. Goffman*, 56 Mo. 434; *Mfg. Co. v. S. H. Henry* and *B. T. Henry*, 44 Mo. App. 263; *English v. Rice*, 20 Mo. 583 ; 2 Parsons on Contracts [15 Ed.] pp. 792 to 801; 3 Parsons on Contracts [15 Ed.] p. 398. (2) When the facts and evidence are such that the trial court should have found the issue for the plaintiff, the court of appeals will reverse the case and direct the entry of judgment accordingly. *Nicholson v. Walker*, 25 Mo. App. 368; *Friesz v. Fallon*, 24 Mo. App. 439.

*Cole & Ditty*, for respondents.

Plaintiffs having asked no declarations of law from the trial court on the question of novation, or on any other question, this court cannot review the finding of the circuit court. *Cunningham v. Snow*, 83 Mo. 587; *Lee v. Porter*, 18 Mo. App. 378; *Easley v. Elliott*, 43 Mo. 289; *Weilandy v. Lemuel*, 47 Mo. 322; *Miller v. Breneke*, 82 Mo. 163; *Taylor v. Cayce*, 97 Mo. 242; *Krieder v. Milner*, 99 Mo. 145.

SMITH, P. J.—This was an action brought to recover a balance on two promissory notes, one for $250 and the other for $325.35.

The petition alleged that Lewis & Co. sold their stock of merchandise to defendants and in consideration of such sale and as a part of the purchase price of said stock of merchandise the latter agreed to assume the indebtednes of Lewis & Co., and that this was communicated to plaintiffs by the defendants who consented thereto and thereupon discharged Lewis & Co. The evidence appearing in the abstract of the record does not sustain this allegation of the petition. It shows that the defendants did purchase Lewis & Co.'s stock of merchandise and agree in consideration of such purchase to assume a fixed amount of the latter's indebtedness. That a list of such debts were furnished the former by the latter including these notes of. the plaintiff which defendants fully discharged.

There was a fourth note for $250, which was made to plaintiffs by Lewis & Co., but no mention was made of it by Lewis & Co. to defendants nor was it included in the fixed amount of the indebtedness of Lewis & Co. which defendants agreed to assume. It was in excess of the fixed amount of their assumption under the agreement. It is conceded that the amount which defendants paid plaintiff was equal to the amount of the three notes, principal and interest. It seems that through the mistake of the collecting bank that $100 which defendants paid on the $325.35 note was entered as a credit on the $250 note which defendants had not assumed to pay. There is nothing in the subsequent correspondence between plaintiffs and defendants which shows any liability of the defendants to plaintiff on the note they did not primarily assume to pay to plaintiffs. The defendants did not assume the payment of all the indebtedness of Lewis & Co., but only a specific sum to certain designated creditors which it appears they have paid.

There was no exception preserved to any ruling of the court in the admission or rejection of evidence, nor were there any instructions asked or refused. The cause was submitted to the court sitting as a jury. Such being the case the finding of the court upon the evidence which was for defendants is conclusive and binding upon us. *Cunningham v. Snow*, 83 Mo. 587; *Lee v. Porter*, 18 Mo. App. 378: *Easley v. Elliott*, 43 Mo. 289; *Wielandy v. Lemuel*, 47 Mo. 322; *Miller v. Breneke*, 82 Mo. 163; *Taylor v. Cayce*, 97 Mo. 242; *Kreider v. Milner*, 99 Mo. 145.

The judgment must be affirmed. All concur.