W. W. ROBERTS, APPELLEE, V. C. W. LEMONT, APPELLANT.

FILED MARCH 8, 1905.   No. 13,729.

1. **Agreement in Restraint of Trade:** INJUNCTION. A valid agreement in restraint of trade must be established by clear and satisfactory proof to warrant a court in restraining its breach by injunction.

2. ———: VALIDITY. In determining the validity of a contract in restraint of trade, the test is whether the restraint is only such as is necessary to afford a fair protection to the interests of the party in whose favor it is given, and not so much as to interfere with the interest of the public.

3. ———: PUBLIC POLICY. A contract in restraint of trade which is not limited either in time or space is against public policy and void.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Reversed.*

*M. D. Tyler,* for appellant.

*Mapes & Hazen, contra.*

OLDHAM, C.

This suit was instituted in the district court for Madison county by W. W. Roberts, appellee, to enjoin C. W. Lemont, appellant, from soliciting or writing fire, hail, cyclone and plate glass insurance in Norfolk, Nebraska. A temporary restraining order was granted which, upon final hearing in the district court, was made perpetual. From this decree Lemont brings an appeal to this court.

The facts underlying the controversy are that prior to May, 1902, Lemont was engaged in the real estate and insurance business in Norfolk, Nebraska. Roberts, the appellee, was engaged in the same business in the same place; the two parties were then occupying the same office. During the month of May negotiations were entered into between them which resulted in the sale by Lemont to Roberts of his office furniture and insurance business for the sum of $240. After this sale Lemont retired from the insurance business and devoted his attention to real estate for about 15 months, when he attempted to reengage in the business of soliciting insurance. Roberts thereupon instituted the case at bar, alleging, in substance, that the defendant Lemont, "in consideration that the plaintiff would purchase from him his fire, hail, cyclone and plate glass insurance agency for the sum of $240, agreed with the plaintiff that he would turn over to said plaintiff the said insurance agency, furniture and the good will of said defendant and business, and that he, the said defendant, would at once cease a fire, hail, cyclone and plate glass insurance business in Norfolk, Nebraska, and not again engage in such business in Norfolk, Nebraska." The petition further alleged the compliance of plaintiff with the terms of the contract, and that the defendant, in violation of the terms and conditions of the contract, had and was engaged in the business of soliciting insurance in the city of Norfolk. The prayer was for an injunction permanently restraining the defendant from engaging in such business in the city of Norfolk. The answer admitted

the sale of the business to the plaintiff for the sum stated in his petition, and denied each and every other allegation therein. The testimony relied upon to establish the agreement is that of the plaintiff and is substantially as follows:

In answer to the question as to what his agreement was, he said: "Mr. Lemont purposed to sell out his insurance business to me, and there was considerable talk about the price, and finally we agreed on $240, and in that there was some furniture, and Mr. Lemont was to go out of the insurance business and have nothing to do with the insurance business, and I was to have nothing to do with the real estate."

Q. You may state what Mr. Lemont said?

A. Mr. Lemont said he turned over the good will and quit the business.

Q. What did he say about remaining out of business?

A. That Mr. Lemont was to stay out of business.

Q. For how long?

A. There was no stated time. He agreed to quit the business.

Q. What did he say as to again going into the insurance business at Norfolk?

A. He did not talk as if he would ever go into the insurance business at Norfolk.

Q. What did you understand as to the good will of the business?

A. I understood he was to sell his business.

Q. Good will?

A. Yes, sir.

Q. What did he (Lemont) say about remaining out of business?

A. That Mr. Lemont was to stay out of business.

Q. For how long?

A. There was no stated time. He agreed to quit the business.

There was no serious conflict between this testimony of the plaintiff and that of the defendant, so that if the testi-

mony of plaintiff is sufficient to sustain the judgment of the trial court it should be affirmed.

The first proposition that confronts us is that the contract relied upon is one in partial or total restraint of trade, and as such it is not a favorite of the law. While valid agreements in restraint of trade may be established by clear and satisfactory, proof, and when so established their breach may be restrained by injunction, yet to obtain such relief there must be no doubt or uncertainty in regard to their terms, or the consideration on which they are founded. Ordinarily a contract prohibiting one of the parties from carrying on a specific trade or business, without any limitation as to time and place, is against public policy and void. *Tecktonious v. Scott*, 110 Wis. 441, 86 N. W. 672; *Berlin Machine Works v. Perry*, 71 Wis. 495, 38 N. W. 82. In *Keeler v. Taylor*, 53 Pa. St. 467, Chief Justice Woodward declared that such contracts, if they were not limited to a reasonable time, as well as confined to a reasonable space, were void at law, and that if the terms they imposed were at all hard equity would not enforce them. To the same effect is the holding in *Brewer v. Marshall*, 4 C. E. Green (N. J.), 537, 547. The general rule is that a contract in partial restraint of trade should be reasonable in its terms and limited in its extent, both as to time and space, but where the conditions appear to be reasonable, and the contract is limited as to space, it has been held that it may be enforced, even though unlimited as to time. *Gill v. Ferris*, 82 Mo. 156; *Smith v. Brown*, 164 Mass. 584. The test is whether the restraint is only such as is necessary to afford a fair protection to the interest of the party in whose favor it is given, and not so much as to interfere with the interest of the public. *Mandeville v. Harman*, 42 N. J. Eq. 185. Now, the contract alleged on in the case at bar and proved by plaintiff's testimony is one in total restraint of the right of the defendant to engage in the business of soliciting fire, hail and cyclone insurance. It is not limited by the testimony either by time or space.

It is urged however by appellee that we should construe this contract as though it had been made simply to limit the right of the defendant to engage in the insurance business in the city of Norfolk. If there had been testimony in the record tending to show that such was the agreement and understanding between the parties, his contention would find some support in the case of *Hubbard v. Miller*, 27 Mich. 15, and in the language used by POUND, C., in *Herpolsheimer v. Funke*, 1 Neb. (Unof.) 304, which however is not officially reported, and consequently we are not bound by the reasons. In this latter case the contract was in writing, and the agreement was to not engage in the sale of a particular line of merchandise during the term of a written lease made to plaintiff. Oral evidence was permitted to explain the ambiguity of the contract as to place, and show that the intention of the parties was to limit the right to the particular building which the plaintiff had leased, and as the contract so proved was one reasonable in terms, and limited both as to time and place, it was upheld.

The case of *Mollyneaux v. Wittenberg*, 39 Neb. 547, cited by appellee, is one in which the contract was limited as to both time and place. In this case, however, the action was at law for a breach of the contract, and the only question determined was as to the sufficiency of the petition to state a cause of action. We find no well-considered case that has ever upheld a contract which would absolutely prohibit one of the parties thereto from ever engaging in any legitimate occupation at any place, and if the evidence in the case at bar proves a contract at all in restraint of trade, it establishes one which would prevent the defendant in the instant case from engaging in the insurance business, not only at Norfolk, but at any other place in the state of Nebraska, or the United States, and such a contract, we think, is clearly against public policy and void. *Wright v. Ryder*, 36 Cal. 342.

We therefore recommend that the judgment of the dis-

trict court be reversed and the cause remanded for further proceedings.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.