PETER M. PLAMONDON ET AL., APPELLEES, V. LLEWELLYN L. LINDSEY, APPELLANT.

FILED NOVEMBER 17, 1916. No. 18961.

Injunction: BREACH OF CONTRACT. "A valid agreement in restraint of trade must be established by clear and satisfactory proof to warrant a court in restraining its breach by injunction." *Roberts v. Lemont*, 73 Neb. 365.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed and dismissed.*

*F. M. Tyrrell* and *J. H. Walker*, for appellant.

*E. P. Holmes*, contra.

BARNES, J.

This is an application for an order to enjoin defendant from violating an oral agreement with plaintiffs not to operate a public bath-house. Defendant denied making such an agreement. From an order granting a permanent injunction, defendant has appealed.

For a number of years prior to 1912 plaintiffs operated a public bath-house in the basement of the Savoy Hotel in Lincoln. Defendant was the owner of the hotel

and leased to plaintiffs a part of the basement. Disputes arose, and plaintiffs commenced two suits against defendant for damages, and defendant brought an action in forcible entry and detainer and obtained a judgment. March 22, 1912, after considerable negotiation, a stipulation was drawn up and signed by the attorneys for the parties, in which it was agreed that execution should not issue upon defendant's judgment until July 1, 1912; that plaintiffs should vacate the premises by June 1 of that year; plaintiffs agreed to dismiss their actions brought against defendant; and that all rents due from plaintiffs to April 1, 1912, should be canceled. This agreement was performed by plaintiffs and defendant. Plaintiffs moved their bath-house to another building a short distance away. Subsequently defendant commenced to operate a public bath-house in the rooms vacated by plaintiffs, and this action was instituted.

Plaintiffs contend that the stipulation was signed and the premises vacated upon defendant's oral promise that he would not permit a bath-house to be operated in the basement to be vacated by plaintiffs. Defendant contends that the evidence does not sustain the finding that such an agreement was made, and that parol evidence to prove such agreement was inadmissible, since it tended to vary, modify and contradict the term of the written stipulation.

In support of their contention plaintiffs introduced evidence to show that, during the negotiations for the settlement of the law suits, defendant complained that the heating apparatus used in the bath-house caused annoyance to his hotel guests, and that he stated he did not want a bath-house in the basement. Plaintiffs' attorney then told him that, if it was understood that he would not permit a bath-house in the basement, matters could be adjusted. The stipulation above referred to was later drawn up. While it was signed by the attorneys, plaintiffs' attorney stated that this part of the agreement was not included in the stipulation, because he did not think this was necessary. Defendant denied that he ever promised or inti-

mated that he would not permit a bath-house in the basement. There was also testimony upon this point by one of the plaintiffs, but his testimony was not clear, and was in answer to leading questions in the form of conclusions of law.

This is an appeal in equity. The rule is: "A valid agreement in restraint of trade must be established by clear and satisfactory proof to warrant a court in restraining its breach by injunction." *Roberts v. Lemont*, 73 Neb. 365. *Hall's Appeal*, 60 Pa. St. 458; *Klaff v. Pratt*, 117 Va. 739.

The finding upon appeal is that plaintiffs have not shown by clear and satisfactory proof that they are entitled to the relief sought in this action. The judgment is therefore

REVERSED AND DISMISSED.

MORRISSEY, C. J., and LETTON, J., not sitting.