JOHN T. MOLLYNEAUX V. MARCUS WITTENBERG ET AL.

FILED MARCH 6, 1894.   No. 5598.

1. **Contracts:** RESTRAINT OF TRADE. Where real estate, consisting of certain lots and the buildings thereon, is sold, and in the granting portion of the deed conveying the same a clause is inserted stating that the property is not to be used for hotel purposes for two years, *held*, that such restriction as to use of the property, being a limited one, was valid and not an unreasonable restraint of trade in view of the facts developed by the pleadings (the case having been decided upon the pleadings alone), and that such agreement was not within or covered by the prohibitions or provisions of chapter 91*a*, entitled "Trusts," Compiled Statutes, 1893.

2. **Pleading:** ALLEGATIONS OF REPLY. A plaintiff, in replying to new matter set up in an answer, may allege new matter, not inconsistent with the petition, constituting a defense to such allegations contained in the answer. (*Cobbey v. Knapp*, 23 Neb., 579.)

3. **Damages for Breach of Contract.** Where a breach, by defendant, of an actually existing contract between plaintiff and defendant is proven, plaintiff is entitled to at least nominal damages.

4. **Judgment Upon Pleadings:** REVIEW. The pleadings in the case examined, and *held*, that the court erred in sustaining the motion of defendants for judgment upon the pleadings and in rendering judgment for defendants thereon.

ERROR from the district court of Clay county. Tried below before MORRIS, J.

*E. E. McGintie* and *Robert Ryan*, for plaintiff in error.

*G. W. Bemis, contra.*

HARRISON, J.

March 24, 1891, the plaintiff in the lower court, plaintiff in error here, filed a petition in the district court of Clay county, Nebraska, as follows:

"1. Comes now the said plaintiff, and for a cause of action against the said defendants, says that heretofore, to-wit, on the 11th day of June, A. D. 1889, said plaintiff was the owner of certain real estate in Sutton, in Clay county, in the state of Nebraska, which said real estate is fully described in a deed executed by this plaintiff and Margaret A. Mollyneaux, his wife, on the 11th day of June, A. D. 1889, whereby the said property, to-wit:

"2. Lots 13, 14, and 15, in block 9, of the first addition to the town of Sutton, Clay county, Nebraska, were conveyed by the said plaintiff and his said wife to the said defendants, and his property was so conveyed by said plaintiff and his wife to said defendants in part consideration for the purchase by the said Margaret A. Mollyneaux of the following described property, to-wit:

"3. Lots 17, 18, 19, 20, 21, and 22, in block 20, in the original town of Sutton, in said Clay county, and as a part of consideration of said transfers it was then and there agreed by the said defendants, to and with this plaintiff, that the said real estate embraced in the said deed given by this plaintiff and his said wife as aforesaid should not be used for hotel purposes for the space of two years from said date of June 11, A. D. 1889. Copies of both said deeds are hereto attached and marked, respectively, Exhibits 'A' and 'B.'

"4. Plaintiff further says that immediately after said 11th day of June, A. D. 1889, relying upon his said agreement with the said defendants, he engaged in the business of keeping and managing a hotel upon the premises so conveyed to the said Margaret A. Mollyneaux, as shown in the said Exhibit 'B,' and has been ever since, and is now, engaged in the conducting of said business, and the purpose and object of the purchase of the said premises as shown in said Exhibit 'B' was the opening of plaintiff's said hotel, as defendants then and there well knew.

"5. Plaintiff further says that the said premises so conveyed to the said defendants constituted and constitute the only suitable place in said Sutton, Clay county, Nebraska, besides that now occupied by the said plaintiff, wherein the said business could be successfully carried on. Plaintiff further says, on or about the 17th day of September, A. D. 1889, the said defendants, wholly disregarding their agreement in that behalf, sold said premises described in Exhibit 'A,' for use as a hotel, and during all the time since, on or about September 17, 1889, have caused and permitted said premises so conveyed to said defendants, as aforesaid, to be used for hotel purposes, whereby the custom of the traveling public has been diverted away from the said hotel of the said plaintiff, and the custom and profits of the said plaintiff's hotel have been greatly diminished and reduced, and said plaintiff has been injured in his business thereby and has suffered great loss and damage in the sum of $5,000.

"6. Wherefore plaintiff prays judgment against the said defendants for his damages in the said sum of $5,000 and costs.

Exhibit "A," immediately after the description of the property in the conveying clause, contains these words: "With all the buildings thereon, the same not to be used for hotel purposes for two years from this date."

The defendants answered the petition as follows:

"Come now the defendants in the above entitled cause, and for answer to the plaintiff's petition herein filed respectfully show the court:

"1. The plaintiff, immediately after making the deed mentioned by him to defendants, began the business of keeping a hotel as stated by him in the fourth paragraph of his petition, but having a monopoly of the business for the time being, he conducted said business in such an unsatisfactory way, and gave such meager and poor accomodations to the traveling public, that the people generally,

who had been theretofore accustomed to patronize the hotels in the said town of Sutton, became greatly dissatisfied, and justly complained that the said plaintiff gave very little value for the price charged to his guests, and many of them became prejudiced against said hotel and against the plaintiff herein, and against the said town of Sutton, and threatened to cease making business visits to said town. The defendants further show that by reason of the facts as above set forth, a large number of the principal capitalists and public-spirited citizens of the town of Sutton began the project of building and opening a new and distinct hotel from either of those mentioned in the petition of plaintiff, and for that purpose and with the intent began to pledge, and secure pledges for, large sums of money to carry out such project. None of the defendants herein aided in any way the said project of building a new hotel, nor sympathized with said movement, nor gave to the same any encouragement whatever.

"2. Of the facts above set forth the plaintiff had then full knowledge, and in consideration of the danger to his said business to be expected from the permanent competition of said proposed new hotel, and in consideration of the prospect that the building of said new hotel would be much more injurious to his private business interests than the opening of the hotel of these defendants, said plaintiff voluntarily requested the defendant to open their said hotel to the public, and requested them to lease the same to any party to be found that would open a hotel and run the same, in order to discourage and prevent the building and opening of the new hotel, as aforesaid, about to be built.

"3. The defendants, being then considering the plan of remodeling the said hotel deeded to them by said plaintiff and wife, so as to rent the same for store purposes, or for some business other than a hotel, refused to rent the same for a hotel, although the plaintiff was anxious to have the same done for his benefit.

"4. After repeated solicitations on the part of plaintiff herein, and at his special instance and request, defendants sold said hotel, which was known as the 'Occidental Hotel,' and the purchaser opened business about October 1, 1889, and not before.

"5. Before the opening of said Occidental Hotel, in consideration of all the foregoing facts, and in consideration that the same was beneficial to plaintiff, and in consideration of the prevention of the building and opening of the third hotel, as aforesaid, and in consideration of the removal of prejudice from among the traveling public, the said plaintiff, on the 17th day of September, 1889, waived in writing the clause in the deed made by him to defendants, and thereby consented to have said hotel opened, and by said instrument of writing waived all rights which he had to a monopoly of the said business in said town of Sutton, which town has above 1,600 inhabitants. A true copy of said written waiver and consent is attached hereto and made a part hereof by reference as Exhibit 'A,' as fully as though the same were fully set forth in this answer.

"6. The sale of the said Occidental Hotel and the opening of the same to the public accomplished the object intended by the said plaintiff and prevented the establishment of a new rival in business, and was of benefit to him, and to the value of the said property which he got in exchange for the Occidental Hotel. The plaintiff has, therefore, sustained no damage whatever by reason of the yielding of defendants to his desire in the premises.

"7. The falling off in business of the plaintiff, if any, is not because of any action of the defendants herein, but because of the fault of the plaintiff in forfeiting the goodwill of the public by furnishing poor entertainment when he had the only hotel in the town of Sutton, and partly by reason of the general stringency in all business in the west by reason of financial depression and distress common to all branches of business during the time mentioned in the petition, and especially the hotel business.

"Wherefore the plaintiff ought not to maintain his said action, and these defendants ask to go hence without day and recover their costs."

Exhibit "A," as attached to the answer:

"SUTTON, NEB., Sept. 17, 1889.

"To whom it may concern: Be it known that we, John T. Mollyneaux and Margaret A. Mollyneaux, hereby waive all rights we may have by virtue of a clause in a certain deed dated June 11, 1889, to M. Wittenberg and others, to lots 13, 14, and 15, in block 9, first addition to Sutton, Nebraska, whereby the Occidental Hotel, situated on said lots, was not to be used for hotel purposes, and we do now, by these presents, consent that said property be opened as a hotel, provided the maximum rate of said hotel shall be $1 per day, and provided a greater sum is charged, this agreement shall be null and void, and the clause in said deed shall be binding on the owners of said above described property.                    MARGARET A. MOLLYNEAUX.

"J. T. MOLLYNEAUX."

The following reply to the answer was filed by plaintiff:

"Comes now the said plaintiff and for reply to defendants' answer herein admits the making of the agreement of said Margaret A. Mollyneaux and this plaintiff, as shown in Exhibit 'A' attached to defendants' answer, but plaintiff alleges that the conditions of said agreement have not been fulfilled, and that ever since, very shortly after the 17th day of September, A. D. 1889, the said hotel, so agreed to be allowed to be opened on lots 13, 14, and 15, in block 9, first addition to Sutton, Nebraska, has charged for the accommodation of guests therein a greater sum than $1 per day for the boarding and lodging of such guests, and the maximum rate of said hotel has not been $1 per day, but has been a greater sum, and said agreement of September 17, 1889, has thereby become null and void and the original contract, as shown by the deed referred to in said Exhibit 'A,' has become again in full force and effect.

" 2. Plaintiff, further replying, denies each and every allegation of new matter in said defendants' answer contained which is not hereinbefore specifically admitted."

To the reply a demurrer was filed and on hearing overruled.    Defendants then filed the following motion :

" Now, to-wit, this 17th day of November, 1891, a day of the November term of above court, and before the calling of a jury in this case, come defendants and move the court to render a judgment of dismissal of said cause, and allow defendants to go hence without day, for the following reasons, to-wit :

"First—The petition filed in said cause does not state sufficient facts to constitute a cause of action, because—

"(a.) The said clause in said deed from plaintiff to defendants, whereby it is provided that the property therein described shall not be used for 'hotel purposes' for two years, is void and of no force, because said clause is inconsistent with the grant made by said deed; and further, because said restriction in said deed is against public policy; further, because,

"(b.) Said clause of said deed restricting the use of said premises is void, because it is in contravention of the laws of Nebraska, page 516 of the Session Laws of 1889.

"(c.) Further, said clause in said deed is void, because the same interferes with the fundamental right of dominion over one's property by the absolute owner thereof.

"(d.) The said deed, set forth and exhibited by said plaintiff in his petition herein, grants the premises in said petition and deed described forever, and warrants and guaranties the quiet enjoyment thereof forever to the defendants and assigns forever, and said grant and warranty cannot be affected by a naked recital of restriction inconsistent with the grant forever in said deed made.

"(e.) The said clause in said deed and petition referred to, whereby it is attempted to be provided that the real estate described in said deed, petition, and exhibit attached

thereto shall not be used for 'hotel purposes for two years,' is void, because no consideration therefor appears in said deed, nor is any alleged in said petition; therefore, said condition is a nullity.

"(*f.*) The bare recital in said deed, 'not to be used for hotel purposes for two years,' does not possess the element of a contract, and is an unreasonable restraint upon trade, and, therefore, void.

"Second—The plaintiff in his reply admits that the restriction in said deed was waived, annulled, and abrogated by a new contract made months subsequent to the giving of said deed, and in said new contract, set out for the first time in the answer of defendants, it is provided that said clause in said deed, set forth in said petition, is annulled on condition that said hotel may be opened at $1 per day, therefore said new contract was and is a merger of the former clause in said deed, and said former clause has no standing nor effect, except as an inducement to the new contract; said old contract, being void, furnished no consideration for the new agreement. The measure of damages, as charged by the new contract and the pleadings, show a merger of the contract declared upon, and no testimony is required.

"Wherefore the defendants pray for judgment of dismissal."

The motion was sustained, to which action of the court plaintiff excepted, and judgment was rendered in favor of defendants and against plaintiff and for costs of the action. The plaintiff complains of the decision of the court, sustaining the motion and rendering judgment for defendants, and brings the case here for review.

The case in this court is argued upon three propositions, —one being that the agreement not to use the building for hotel purposes was in restraint of trade and void, because contrary to the rule of common law governing such contracts; a second being that the agreement was objection-

able and void under the provisions of chapter 91*a*, Compiled Statutes of 1893, entitled "Trusts;" and a third, that the petition set up as a cause of action one contract, the one contained in the clause in the deed, and the reply set up a different one, to-wit, the agreement contained in Exhibit "A," attached to answer, known in the case as the "Waiver," and was a departure from the cause of action stated in the petition. The petition states that the agreement to not run a hotel on the premises entered into the consideration moving between the parties to the transfer of property and was a material part of such consideration. This is not denied in the answer, and, as we have only the pleadings to consider in arriving at a conclusion here, must be taken as admitted. The contract not to use the premises for hotel purposes was a limitation in itself, necessarily confining it, as to place, to the particular lots and building, and the time was limited to "two years." These limitations clearly relieve the agreement of any objection made to it on the ground that it is obnoxious to the common law rule governing contracts in restraint of trade, if, coupled with the above limitations, the contract was reasonable. A contract made upon a valuable consideration, and which does not impose an unreasonable restraint upon engaging in business, is valid. This may be said to be an almost universal rule, so often has it been passed upon and, with some modifications, which do not exist in this case, sustained. (See *Angier v. Webber*, 92 Am. Dec. [Mass.], 748; and for a discussion of the subject see note to the above case on page 751 of same report, which contains a full citation of authorities.)

In reaching a conclusion as to whether or not the agreement in this case was a reasonable one we must not lose sight of the fact that we are confined to the pleadings in the case for enlightenment upon this as well as all other points raised for our decision. The allegations of the answer are confined mainly, as to this part of the case, to

statements setting forth the manner in which plaintiff conducted his hotel business, stating that it was unsatisfactory and, did not please the traveling public or the citizens; but these allegations are all denied in the reply of plaintiff, hence we are left with no, or not sufficient, information upon which to base an opinion regarding the reasonableness or unreasonableness of the restraint upon the business so far as it affected the public. The act cited by defendant in error, chapter 69, Session Laws of 1889, chapter 91*a*, entitled "Trusts," Compiled Statutes, 1893, page 838, provides in section 1 thereof, among other things, as follows: "It shall be unlawful for any person or persons, partnership, company, association, or corporation organized for any purpose whatever, or engaged in the manufacture or sale of articles of commerce or consumption, or for any such person or persons, * * * dealing in any natural product, to enter into any contract, agreement, or combination with any other person or persons, * * * doing business in this state, * * * engaged in the manufacturing, selling, or dealing in the same, or any like manufactured or natural product whereby a common price shall be fixed for any such article or product, or whereby the manufacture or sale thereof shall be limited or the amount, extent, or number of such product to be sold or manufactured shall be determined, or whereby any one or more of the combining or contracting parties shall suspend or cease the sale or manufacture of such products, or whereby the products or profits of such manufacture or sale shall be made a common fund to be divided among the respective persons, partnerships, companies, association, or corporation so entering into such contract, agreement, or combination." This section is followed by one prohibiting trusts and pools of all kinds for any purpose whatever, and by further sections in regard to penalties and forfeitures, etc. The defendants in error strenuously argue that the case at bar is within the provisions of the act above cited, but we do

not think so. The act applies to persons "engaged in the manufacture or sale of any article of commerce or consumption," " or dealers in any natural product," and prohibits them from entering into certain contracts, agreements, etc. The contract in this case, to not use the premises for hotel purposes, clearly is not covered by the terms or meaning of section 1 of the above act. A pool is defined to be "a combination of persons contributing money to be used for the purpose of increasing or depressing the market price of stocks, grain, or other commodities; also the aggregate of sums so contributed. Webster. See 103 U. S., 168." (Black's Law Dictionary, p. 910.) Black in his Law Dictionary, p. 1192, defines trusts as follows: "In mercantile law. An organization of persons or corporations, formed mainly for the purpose of regulating the supply and price of commodities, etc." The agreement under consideration cannot be said to come within the definition of either a "pool" or "trust," as these designations are now commonly understood, and the parties were not prohibited from entering into the agreement they did make by this act of the legislature.

Having concluded that the agreement was valid, then it follows that the petition declaring upon it stated a cause of action, there being alleged, first, a valid contract; second, a breach of it; and third, the damage arising from such breach. The answer admits almost everything pleaded in the petition, possibly denying that plaintiff suffered any damage, alleges matter in avoidance, and sets up affirmatively the "waiver." The reply meets the portion of the answer founded upon the waiver, by affirmatively stating that the defendants have failed to comply with the provisions of the waiver, and it is of this allegation in the reply that complaint is made by defendants, they contending that it was an attempt by plaintiff to introduce a new cause of action by his reply different from that stated in the petition. If the recovery, if any, by plaintiff on a trial of

the case would be founded upon the waiver, and for a breach of its conditions alone, then this position is a true one. On the other hand, if the matter alleged in the reply relating to the waiver set up in the answer, and constituting a defense to it was not inconsistent with the petition, then it is not a true position. After a careful examination of the pleadings we are satisfied that the action of the plaintiff was necessarily founded upon the original agreement of defendants not to use the property for hotel purposes, and its breach, the waiver being merely collateral to the original contract and incident to it and purely a matter of defense; that the cause of action set up in the petition was complete without alleging the waiver and negativing its force or effect; that when the waiver was alleged in defendants' answer as matter of defense it was proper and good pleading to deny it, or affirmatively show by the reply that defendants had, by their failure to comply with some of its requirements, or rather by their violation of such requirements or conditions, rendered it of no value or force, and destroyed any effect it might otherwise have had in releasing the defendants from the original agreement, and if evidence had been introduced which established the plaintiff's contention as pleaded in the reply, the waiver would have been fully avoided and the plaintiff entitled to damages, not under the waiver, but from the breach of the original contract or agreement, to which waiver, by its terms, refers the parties. "A plaintiff, in replying to new matter set up in an answer, may allege any new matter, not inconsistent with the petition, constituting a defense to such allegations contained in the answer." (*Cobbey v. Knapp*, 23 Neb., 579.)

It may be well before leaving the case to touch upon that branch of it regarding damages. If plaintiff was entitled to no damages, then the court was right in its judgment; but let us examine. The allegation of the petition in respect to damages reads as follows: " Whereby the

Mollyneaux v. Wittenberg.

custom of the traveling public has been diverted away from said hotel of said plaintiff, and the custom and profits of said plaintiff's hotel have been greatly diminished and reduced, and said plaintiff has been injured in his business thereby, and has suffered great loss and damage in the sum of $5,000." We think it very doubtful under this statement whether any evidence could be received on the question of damages, as just how it could be shown that persons went to the other hotel who would or might have patronized plaintiff's place of business if the other had not been opened or it had been running at $1 per day, and how much profit plaintiff might have realized from their entertainment if they had stopped at his hotel, we are not able to discern; but however this may be, when the case was passed upon by the court below it was as the issues then stood, established by the pleadings in the case, that there was a contract between plaintiff and defendants and a breach of the same by defendants. If plaintiff, on a trial of the cause, had been able to sustain the case in its same condition as made by the pleadings, he would have been entitled to nominal damages at least. Where a contract between parties is proved, and a breach of it by defendant, the plaintiff is always entitled to at least nominal damages. (3 Parsons, Contracts, pp. 217–219; 1 Wood's Mayne, Damages, pp. 9–16, and notes.) This rule is supported by numerous authorities and seems not to be doubted or questioned. The action of the court below was wrong and is reversed and the case remanded.

REVERSED AND REMANDED.