RICHARDSON DRUG COMPANY, APPELLEE, V. HENRY MEYER ET AL., APPELLANTS.

54 319
58 825

FILED MARCH 17, 1898.   No. 7850.

1. Equity Jurisdiction. The test of equity jurisdiction is the absence of an adequate remedy at-law; but an adequate remedy at law is one that is as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity.

2. ———: FRAUDULENT CONVEYANCES: PROCEEDS: INJUNCTION. Evidence examined, and *held* to sustain the findings of the district court.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J.   *Affirmed.*

*Cavanagh & Thomas*, for appellants.

*Bartlett, Baldrige & De Bord*, contra.

RAGAN, C.

In October, 1892, Park Bros., a copartnership, owned a grocery stock and a drug stock in Waterloo, Nebraska, and on that date they sold their drug store to one J. M. Park, a brother of the individual brothers of the copartnership, but himself not one of said copartners.  Subsequently J. M. Park became indebted to the Richardson Drug Company for drugs purchased.   In December, 1892, Park Bros. failed and Meyer & Co. brought suit against them and caused both the grocery store and drug store to be attached as their property.   The Richardson Drug

Company brought a suit, without attachment on its claim, against J. M. Park, and on February 18, 1893, recovered a judgment. Before this judgment was recovered Park Bros. had moved to discharge the attachment sued out by Meyer & Co., and before, or about the time that the Richardson Drug Company's suit went to judgment, an agreement was entered into between Park Bros., Meyer & Co., and J. M. Park, the effect and result of which was that Park Bros. abandoned their defense to the action of Meyer & Co., withdrew their application to discharge the attachment, paid J. M. Park $175 in money, and took the entire property attached in satisfaction of their indebtedness of Park Bros. Meyer & Co., however, did not dismiss their attachment proceeding, nor their suit, but took judgment and caused the attached property to be sold. This sale occurred about the time the Richardson Drug Company obtained its judgment, and it, execution having been issued and returned unsatisfied, then instituted this suit to enjoin the sheriff from paying the proceeds of the sale of the drug store to Meyer & Co. and prayed the court for a decree that the proceeds of the sale of the drug store should be paid to it, at least to the extent of satisfying the judgment against J. M. Park. The drug company had a decree as prayed, and Meyer & Co. have appealed.

1. The first argument is that the petition of the drug company does not state a cause of action; or, as counsel for appellants put it, it shows upon its face that the drug company had a complete and adequate remedy at law for the relief sought by this injunction proceeding, and was therefore not entitled to the protection of a court of equity. This argument is untenable. The test of equity jurisdiction is the absence of an adequate remedy at law; but an adequate remedy at law is one that is as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity. (*Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44, and cases there cited.) At the time the Richardson Drug Company obtained its

judgment it might have caused an execution to be levied upon these goods; but they were then in the hands of the sheriff under the attachment issued by Meyer & Co.; in other words, the property was in custody of the law, and had the execution been issued and the sheriff levied it, he would have had to do so subject to the attachment of Meyer & Co., and after the sale of the property the drug company would have had to institute this or some similar proceeding for the purpose of having the court determine the priority of liens.

2. A second argument is, in substance, that the findings of the district court are not sustained by sufficient evidence. The district court found that the sale of the drug stock made by Park Bros. to J. M. Park in October, 1892, was made in good faith and for a valuable consideration; in other words, that it was not fraudulent. The evidence sustains this finding. The district court further found that the agreement entered into between Park Bros., Meyer & Co., and J. M. Park which resulted in the drug stock being turned over to Meyer & Co. in satisfaction of the debt which Park Bros. owed them was fraudulent. The evidence sustains this finding. The decree of the district court is right and is

AFFIRMED.