NEBRASKA TELEPHONE COMPANY, APPELLANT, V. JOHN F. CORNELL ET AL., APPELLEES.

FILED SEPTEMBER 21, 1899.  No. 10417.

Petition for Injunction: INVALID STATUTE. A petition for equitable relief by injunction, where the allegations are of the unconstitutionality of the law or laws under which acts are threatened

58  823
s59  368
,o59  369
's59  745

or being done of which the complaint is made, is not sufficient to invoke the equity powers of the court, unless there are other allegations which complete a statement of a case for equitable relief.

APPEAL from the district court of Lancaster county. Heard below before CORNISH, J. *Affirmed.*

*W. W. Morsman* and *A. R. Talbot,* for appellant.

*C. J. Smyth, Attorney General, contra.*

HARRISON, C. J.

In an act of the legislature which became by its terms of effect July 10, 1897, it was in substance provided that the board of transportation should have the power to regulate certain rates of charges of telephone companies, the power and manner of procedure by the board to be the same as possessed by it in regard to railroads. After the time stated in the act at which it should become effective a complaint was made and filed with the board in which it was alleged that the appellant company had established, or was exacting, rates for services in the state of Nebraska and the city of Omaha which were too high, unjust, and extortionate. The board was asked to investigate the charges of the complaint, and grant relief. The appellant was served with a notice issued by the board to appear and answer the complaint. The appellant presented to the board objections to its jurisdiction on the grounds that it was an unconstitutional body and the unconstitutionality of the act of 1897, to which we have before referred and under the provisions of which the complaint had been filed. The board, by its secretaries, heard arguments on the objections, overruled them, and held the matter for hearing on the merits. The appellant then commenced this action in the district court of Lancaster county, the relief sought being to enjoin further proceedings by the board or its secretaries in the matter of the complaint. It was asserted in the petition

filed that the act by which the legislature had provided
for a board of transportation and its secretaries was with-
out constitutional authority or in direct defiance, or was
at least an evasion, of the constitution of the state; also,
that the law of 1897, which purported to give the board
power over telephone companies, was unconstitutional
and void. It was further alleged that the board and its
secretaries pretended to have authority to hear the com-
plaint, to call the petitioner (appellant) before it, inquire
into its business and business methods, make it produce
its books and give the information apparently demanded
by the complaint, and to fix rates of charges for services
performed by the company for the public; that, unless
restrained, the board and its secretaries would do these
things, for the doing of which it pretended to have the
power, to the "great expense, loss of time, annoyance,
and unjust exposure of the petitioner's business, and
will proceed to establish and fix the rates to be charged
by your petitioner in the prosecution of its business, as
hereinbefore set forth, to the great and irreparable in-
jury of your petitioner." A temporary injunction was
granted. A demurrer was filed to the petition, which on
hearing was sustained and the action dismissed. The
company has appealed to this court.

The finding of the district court in sustaining the de-
murrer was that "the petition does not state a cause of
action." The question of those argued which we deem
proper to examine is of the sufficiency of the facts al-
leged in the petition to show an injury, present or threat-
ened, which would warrant or uphold an application to
a court, for the equitable remedy of injunction. It has
been said by this court: "The test of equity jurisdiction
is the absence of an adequate remedy at law; but an
adequate remedy at law is one that is as practicable and
efficient to the ends of justice and its prompt adminis-
tration as the remedy in equity" (*Richardson Drug Co. v.
Meyer*, 54 Neb. 319, 74 N. W. Rep. 575. See, also, *Welton
v. Dickson*, 38 Neb. 767, 57 N. W. Rep. 559); also, that

"where public officers are proceeding illegally under claim of right, they may be enjoined." (See *Morris v. Merrell*, 44 Neb. 30, and cases cited.) In each of the cases cited it fully appeared from the petition that the acts sought to be enjoined would result in injury to the complainant, and for which he had no adequate remedy. No doubt the execution of a law which is unconstitutional, if probable or necessary material injury will result for which there is no adequate remedy at law, will be enjoined, but a petition is not sufficient which merely alleges the unconstitutionality of the law under which the proceedings or acts of which there is complaint are being threatened, had, or committed; there must be other allegations which make a case for equitable relief. (*Thomas v. Rowe*, 22 S. E. Rep. [Va.] 157.) There must be further allegations which disclose some recognized ground of equity jurisdiction, such as a reasonable apprehension of irreparable injury to the complainant, no adequate remedy at law, or a resultant multiplicity of suits to be avoided. (Beach, Modern Equity Practice sec. 758.) There are allegations in the petition in the case at bar that the board of transportation is an unconstitutional body; that the laws under which it was acting and proposed to act were unconstitutional; and that a complaint against the appellant had been filed with the board, that its jurisdiction had been attacked, and the constitutional right to its existence and of the legislative acts under which it was acting presented and overruled. It is also stated that the appellant had been required to answer the complaint, and a time has been fixed for the hearing. Whether the hearing will result in an order and whether favorable or unfavorable to the appellant are matters of pure speculation or conjecture, and if made, it could not be enforced except by action in the courts, in which the objections now urged would be of as much avail as in the present suit. The only further allegations of the petition are to the effect that to be subjected to a hearing will cause the appellant business disturbances, inconvenience,

Gage County v. King Bridge Co.

and expense. These are but statements of possible incidental results of a hearing, if one should take place. There was no statement of an actual material injury, but rather of something possible or conjectural. This was not sufficient. (*Business Men's League v. Waddill*, 45 S. W. Rep. [Mo.] 262; *People v. Canal Board of New York*, 55 N. Y. 390; 10 Ency. Pl. & Pr. 950, and note 2.) It follows that the district court was right in its finding. The conclusion reached on this branch of the case renders unnecessary the consideration of the other questions presented. The judgment is

AFFIRMED.

SULLIVAN, J., concurring specially.

I agree to the judgment of affirmance, but not to the reasoning of the foregoing opinion.