CHARLES N. HICKEY ET AL., APPELLEES, V. BENJAMIN L. BRINKLEY ET AL., APPELLANTS.

FILED JANUARY 24, 1911. No. 16,279.

1. Contracts: TRADE AGREEMENT: ASSIGNABILITY. The defendants, who were the owners of a livery and feed business, sold the same to one H. and executed at the same time an agreement with a penalty of $500, conditioned that they would not. engage in the business in that vicinity for a period of ten years. Afterwards H. sold the business and assigned the agreement to the plaintiffs. *Held*, That the contract was assignable to the purchaser of the business.

2. Election of Remedies. *Held*, further, that in such a case, where the defendants violated the contract by again engaging in the business, the plaintiffs had the election whether to sue for damages upon the bond or to apply for an injunction to restrain the breach of the negative contract.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Stull & Hawxby,* for appellants.

*Kelligar & Ferneau,* contra.

LETTON, J.

In 1905 the defendants were the owners of a livery and feed business in the village of Johnson. In September of that year they sold the business, together with the real estate on which it was conducted, to one Charles N. Hickey, and at the same time, as a part of the transaction, executed an agreement in the form of a bond with a penalty in the sum of of $500, which, after reciting the fact of the sale, provided "that the said B. L. Brinkley and Olive Brinkley will not themselves or permit any one of their family or in their employ to engage in the livery or feed business in said village of Johnson or vicinity for a period of ten years from this date. Hickey continued the business until September, 1908, when he sold the personal property, real estate, and good will of the business to the plaintiffs in this action, assigning to them the bond and agreement given by defendants. After the sale to Hickey the defendants continued to do a livery business to some extent, and so continued after the sale by Hickey to plaintiffs and up to the beginning of this action. The plaintiffs testify that their business has been seriously damaged by the competition of defendants. Hickey was joined as a plaintiff, but the action was dismissed as to him and a permanent injunction allowed against the defendants.

The defendants urged that there is no equity in the bill, for the reason that plaintiffs have an adequate remedy at law by an action on the bond, that the amount of money named therein as a penalty was intended as liquidated damages, and that since no insolvency has been shown the

only right of action for a violation of the contract is one at law for the amount named in the bond. We think this position is untenable. We have held contracts of the nature of the one under consideration not to be unreasonable in their terms and not void as against public policy. *Molyneaux v. Wittenberg*, 39 Neb. 547; *Downing v. Lewis*, 59 Neb. 38; *Roberts v. Lemont*, 73 Neb. 365; *Engles v. Morgenstern*, 85 Neb. 57.

We are also of opinion that a contract of this nature which is intended to protect the good will of the business is assignable to the purchaser of the business. *Francisco v. Smith*, 143 N. Y. 488; *Up River Ice Co. v. Denler*, 114 Mich. 296; *Southworth v. Davison*, 106 Minn. 119. We are further of the opinion that the very purpose of this contract would be defeated if the person selling the business was allowed to pay the sum named in the bond as a penalty and then be at liberty to destroy the business which he sold and take away the good will of the vendee. The intention of the parties was to guard against the property sold becoming valueless to the purchaser by reason of the seller again resuming business in that locality. It is not reasonable to suppose that the purchaser of the business intended that if the seller would pay him $500 he would be at liberty at any time to break his contract and enter into competition with him in the same business. *Phœnix Ins. Co. v. Continental Ins. Co.*, 87 N. Y. 400; *Diamond Match Co. v. Rocber*, 106 N. Y. 473; *O'Neal v. Hines*, 145 Ind. 32; *Andrews v. Kingsbury*, 212 Ill. 97; *Brown v. Kling*, 101 Cal. 295; *Buckhout v. Witwer*, 157 Mich. 406; *Ropes v. Upton*, 125 Mass. 258; *Keplinger v. Woolsey*, 4 Neb. (Unof.) 282; *Richardson Drug Co. v. Meyer*, 54 Neb. 319; 22 Cyc. 866c. We do not find any evidence from which it can be said that the sum named was intended as liquidated damages.

On account of the fact that both the amount of the business done by the defendants in competition with plaintiffs and the amount of damages suffered would be exceedingly difficult to prove, the only adequate remedy which can

be afforded is by an injunction restraining the defendants from carrying on the business as agreed in the contract. The judgment of the district court is therefore

AFFIRMED.