CHRIS BUERSTATTE, APPELLEE, V. CHARLES A. SWANSON, APPELLANT.

FILED APRIL 10, 1924.    No. 22720.

Contracts: TRADE AGREEMENT. Where, for a consideration, a party agrees not to engage in the furniture and undertaking business in competition with anotl.er for a period of five years within the area of a city, *held*, that such agreement is reasonable and may be enforced.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Good & Good* and *J. M. Galloway*, for appellant.

*Slama & Donato, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ.

DAY, J.

The plaintiff, Chris Buerstatte, obtained a decree in the district court for Saunders county against the defendant, Charles A. Swanson, enjoining the latter from engaging in the undertaking business in the city of Wahoo, Nebraska, for a period of five years from May 25, 1920. The plaintiff's action was based upon an agreement between the plaintiff and the defendant, by the terms of which the defendant agreed for considerations named to refrain from engaging in the furniture or undertaking business in the city of Wahoo for a period of five years. From this decree the defendant appeals.

The record shows that on and prior to May 25, 1920, the defendant owned and conducted a furniture and undertaking business in the city of Wahoo. On that date the parties entered into a written contract, by the terms of which the plaintiff agreed to buy and the defendant agreed to sell the stock of furniture, fixtures, and undertaking supplies, including an automobile hearse. By the terms of the contract the purchase price was to be determined by an appraisement in the manner provided therein. The total value

fixed by the appraisers was $17,769.69. In this apprai̇se-
ment the value of the hearse was fixed at $1,000. The
plaintiff took over the business, assumed full charge of all
the property enumerated in the contract except the hearse,
and paid to the defendant $16,769.69. The dispute between
the parties is whether the contract as entered into was sub-
sequently modified in so far as it included the hearse. It
was the theory of the defendant that the plaintiff had
breached the contract by refusing to take the hearse, and
for that reason the defendant claimed the right to again
enter into the undertaking business at Wahoo, and was pro-
ceeding to do so, when the present action was commenced.
The plaintiff's theory was that, after the contract was made,
by mutual agreement between the parties the hearse was
eliminated from the items of property which the plaintiff
agreed to purchase. The trial court did not pass upon the
question whether the contract was so modified, but held
that the plaintiff had substantially complied with the con-
tract of sale, and was therefore entitled to the protection
of a court of equity. The court also held that the defendant
had an adequate remedy at law.

The case is before us for a trial *de novo*. The plaintiff
testified that about June 21, 1921, the defendant complained
that the value of the hearse, as fixed by the appraisers, was
too low; that it was worth at least $1,500, and that the
appraisement should have been for that sum; that thereupon
it was agreed between the parties that the defendant should
keep the hearse, and that the plaintiff was to pay him rent
therefor for such times as he used it. This is denied by the
defendant. The only evidence bearing upon this phase of
the case was that given by the parties, and letters pass-
ing between them and checks given by the plaintiff in pay-
ment of rent for the use of the hearse. Upon a trial *de novo*
we are quite satisfied that the testimony fully sustains the
plaintiff's theory, and that the contract, by mutual consent,
was so modified as to eliminate the hearse therefrom.

The contract provided, as one of the inducements thereof,
that the defendant would "not engage in the furniture or

undertaking business in the city of Wahoo, Saunders county, Nebraska, either directly or indirectly, for a period of five years from the date of this agreement." The rule is established in this state that an agreement by one of the parties to refrain from engaging in a competitive business for a reasonable time and within a limited area, not larger than reasonably necessary for the protection of the other party, is valid and enforceable. *Mollyneaux v. Wittenberg*, 39 Neb. 547; *Herpolsheimer v. Funke*, 1 Neb. (Unof.) 304; *Hickey v. Brinkley*, 88 Neb. 356.

Extensive arguments have been made by both sides in support of and against the theory adopted by the trial court that there had been a substantial compliance with the contract by the plaintiff, but in the view which we have taken of the evidence it seems unnecessary to discuss that phase of the case.

In view of the evidence, it seems clear that the plaintiff has fully performed the contract, and is entitled to the relief prayed.

The decree of the trial court was right, and it is, therefore,

AFFIRMED.

Note—See Contracts, 13 C. J. p. 472, sec. 417.