GENE R. GRIFFETH, APPELLANT, v. SAWYER CLOTHING, INC., A CORPORATION, TOM SAWYER, PRESIDENT, APPELLEE.

276 N. W. 2d 652

Filed March 20, 1979. No. 41835.

Morrissey & Morrissey, for appellant.

L. Joe Stehlik and Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, and BRODKEY, JJ., and RONIN and NORTON, District Judges.

NORTON, District Judge.

This is an action in equity to enforce, by injunc-

tion, an agreement not to compete in the sale of shoes in Tecumseh, Nebraska, for a period of 5 years. The matter was tried to the District Court for Pawnee County, at the conclusion of which the court entered judgment for the defendant. Plaintiff appeals. We affirm.

There is no dispute in the facts from which this case arose. Prior to November 11, 1975, Clifford W. Boline, Jr., and Patricia Boline, husband and wife, hereinafter referred to as "Bolines" owned and operated two businesses in Tecumseh, Nebraska. One was a clothing store known as "Cliff's Clothing," and the other was a shoe store known as "Cliff's Shoes." These businesses were housed on separate premises in Tecumseh, approximately 1 city block apart.

On November 11, 1975, the Bolines entered into a written contract of sale with the defendant-appellee, wherein the Bolines sold and the defendant purchased the business known as "Cliff's Clothing." The contract of sale contained a clause entitled "AGREEMENT NOT TO COMPETE," the material parts of which are as follows: "* * * the Buyer in turn, agrees not to compete with the Seller in the sale of shoes, and other footwear and footwear accessories in Tecumseh, Nebraska for a period of five years from this date. * * *" The contract also contained the following concluding clause: "THIS CONTRACT SHALL BE BINDING upon the heirs, executors and administrators of the parties hereto." On January 1, 1976, pursuant to the terms of the contract, the defendant took possession of this business.

Subsequently, on May 4, 1976, the Bolines entered into a written contract of sale with the plaintiff-appellant, wherein the Bolines sold and the plaintiff purchased that business known as "Cliff's Shoes." Following the consummation of the sale between the Bolines and the plaintiff, the defendant commenced selling shoes, other footwear, and footwear acces-

sories at its business in Tecumseh, Nebraska. Thereafter, on December 10, 1976, the Bolines made, executed, and delivered to the plaintiff an assignment of: "* * * all of the rights and interests which we have under a certain Contract of Sale dated November 11, 1975, between Sawyer Clothing, Inc., a corporation, of Pawnee City, Nebraska, as Buyer and us as Seller."

On January 11, 1977, plaintiff commenced this suit in the District Court for Pawnee County, Nebraska, alleging in substance a breach of the covenant not to compete by the defendant with no adequate remedy at law and seeking an injunction against the defendant. Trial was had on September 13, 1977, and judgment entered on October 5, 1977, wherein the court found the covenant not to compete between the Bolines and the defendant was personal in nature between the parties and nonassignable, and dismissed the plaintiff's cause of action. Plaintiff duly filed a motion for a new trial, and subsequent to the overruling of that motion perfected this appeal.

After this case was docketed and prior to submission, the defendant filed a motion in this court to dismiss, alleging that "Cliff's Shoes" had been closed and the business terminated, and that the question heretofore presented by the appeal was therefore moot. Plaintiff filed his objection thereto, and the motion was submitted. We overrule this motion with the comment that if the judgment of the trial court were affirmed without change, the right to "no competition" between Bolines and the defendant might still survive between those parties despite the fact that the business known as "Cliff's Shoes" has terminated; and, conversely, if the trial court were reversed and a finding made by this court that the rights possessed by the Bolines had in fact passed to the plaintiff, the fact that the business conducted by "Cliff's Shoes" had been terminated might be highly material to plaintiff's rights.

Plaintiff assigns four errors on the part of the trial court, to wit: (1) That the decision of the court is not sustained by the evidence; (2) that the decision of the court is contrary to the evidence; (3) that the decision of the court is contrary to the law; and (4) that the court committed error in overruling plaintiff's motion for summary judgment prior to trial.

For the purposes of this decision, we will deal first with plaintiff's motion for summary judgment. A motion for summary judgment can be granted only where there is no genuine issue as to any material fact in the case and where, under the facts, movant is entitled to judgment as a matter of law. Janssen v. Hamblet, 197 Neb. 705, 250 N. W. 2d 902. While there is no dispute between the parties over the facts recited above, a review of the entire record leads to the inescapable conclusion that true controversies were raised and existed between the parties with respect to whether or not the agreement not to compete, as drawn, had been modified by the subsequent conduct of the contracting parties, and as to whether or not the contracting parties had, in fact, intended to limit the assignability of the covenant not to compete. There being genuine issues of fact between the parties, the trial court properly overruled plaintiff's motion.

The only issues which remain for consideration, therefore, are whether the judgment of the trial court is sustained by the evidence or is contrary thereto, and whether or not it is contrary to the law.

As previously noted, the original contract of November 11, 1975, between the Bolines and the defendant contained language which appeared on the face of the instrument to limit the assignability of the instrument itself. In the contract of May 4, 1976, by which the Bolines sold and the plaintiff purchased the business known as "Cliff's Shoes," appeared the following language: "* * * Additionally, the Sellers do assign to the Buyers all of the protection provided

to the Sellers under a certain Contract of Sale with Tom Sawyer, Inc., a corporation of Pawnee City, Nebraska, wherein said corporation agrees not to compete with the Sellers in the sale of footwear for a period of five years." Notwithstanding this language, some doubt must have existed on the part of the plaintiff that he had acquired any protection from this provision. What else can explain the assignment dated December 10, 1976, a portion of which was heretofore set forth?

In an attempt to resolve this problem and to explain the intent of the parties with regard to the assignability of the agreement not to compete, to show that it was intended by the parties to be personal in nature as alleged in its answer, the defendant offered certain parol evidence consisting of a conversation between Clifford W. Boline, Jr., and one Dick Nannen, which conversation occurred after the execution of the contract between Bolines and the defendant. This evidence tended to show that the Bolines did not believe their right of no competition on the part of the defendant would survive. The evidence was conditionally received by the trial court and thereafter struck, upon plaintiff's motion, on the basis that such evidence was hearsay and constituted an attempt to alter or vary the terms of a contract complete upon its face. An offer of proof of this evidence was then made by the defendant, to which the plaintiff objected, and this objection was sustained by the trial court.

We believe this evidence should have been received. Parol evidence is admissible to explain and show the true nature of the transaction between the parties. Ely Constr. Co. v. S & S Corp., 184 Neb. 59, 165 N. W. 2d 562. A written instrument is open to explanation by parol evidence when its terms are susceptible to two constructions, or where the language employed is vague or ambiguous. Hansen v. Circle Lake Development Corp., 199 Neb. 678, 260

N. W. 2d 609. The fact that an ambiguity existed in this matter and that the November 11, 1975, contract was subject to two constructions is apparent from the limiting language of the instrument itself and the overt actions of the contracting parties after it was executed. The evidence offered does not alter the terms of the contract, but merely explains the true intent of the parties as to who was bound by its terms. With reference to the plaintiff's assertion that the evidence is hearsay, we note the exception to the rule of evidence permitting the receipt of admissions against interest, which in this case satisfied the requirements that the admission occur subsequent to the act and involve a party or one who speaks for the party with authority to do so. The plaintiff is claiming his rights under those of the Bolines. Certainly, any right which he may have is limited to that possessed by his predecessor in title. An assignee of a contract generally acquires no greater right than that possessed by the assignor. Hansen v. E. L. Bruce Co., 162 Neb. 759, 77 N. W. 2d 458. The plaintiff is bound by Bolines' admissions made prior to the sale of the business and the purported assignment of their rights, as though he had made the admissions himself. His objections were without merit. The evidence should have been received as an aid in construing the intent of the contracting parties. Therefore, taking all of the evidence as a whole, it would establish that the transaction between the Bolines and the defendant, in the matter of the no competition clause on the part of the defendant, was intended by the contracting parties to be personal in nature. The evidence thus sustains the judgment of the trial court and is not contrary thereto as alleged.

While the findings as set forth above might well dispose of this case, the plaintiff has also assigned as error his contention that the judgment of the trial court was contrary to the law, and cites in support

thereof the case of Hickey v. Brinkley, 88 Neb. 356, 129 N. W. 553. Lest there be any question remaining, we will deal with that contention.

In the Hickey case, the defendants sold a business to Hickey under an agreement whereby the defendants would "not themselves or permit any one of their family or in their employ" to engage in a similar business in that locality for a period of 10 years. Subsequently, Hickey sold to the plaintiff the business and good will and assigned to the plaintiff his agreement with the defendant. The defendant then continued the business in dispute. In construing the assignment of the original contract in that case this court stated: "We are also of opinion that a contract of this nature which is intended to protect the good will of the business is assignable to the purchaser of the business. * * * The intention of the parties was to guard against the property sold becoming valueless to the purchaser by reason of the seller again resuming business in that locality." It is noted that in the Hickey case the material difference lies in the fact that the court reached its conclusions based solely upon the instruments themselves, and there was no extrinsic evidence offered or received to explain the intent of the parties.

Since the decision in the Hickey case, this court has dealt with various contracts containing no competition clauses. Courts generally do not look with favor upon restraint against competition, and contracts containing covenants which impose restraint upon competition will be strictly construed and doubts are resolved against the latitudinarian construction thereof. Midlands Transp. Co. v. Apple Lines, Inc., 188 Neb. 435, 197 N. W. 2d 646. The holding in Hickey v. Brinkley, *supra*, may lead to a position of some variance with these principles. We believe that the better rule in the assignability of such contracts would be to limit that assignability strictly to the intent of the parties as disclosed by the lan-

guage of the instrument if it is complete and un-ambiguous. Where the language in the contract re-garding assignment is susceptible of more than one construction, or is vague or ambiguous, extrinsic evidence may be received for the purpose of deter-mining the intent of the parties. To the extent that Hickey v. Brinkley, *supra*, is in conflict with the foregoing, it is overruled.

The judgment of the District Court for Pawnee County, Nebraska, is affirmed.

AFFIRMED.

KRIVOSHA, C. J., concurs in result.